Caruthers, J.,
delivered the opinion of the Oonrt.
One Jordan, of "Winchester, being desirous to secure and prefer a portion of his creditors, on the 27th December, 1857, made an assignment of his property to L. Metcalf, as trustee. Among others, he secured the complainant in a note for about $900, and placed his debt in the first class. He was also indebted- to L. B. Eite & Co. and A. Morrison & Co., by judgments in about the same sum, but they were placed in a position in the deed of trust that the effects assigned would not likely reach. Upon these judgments one R. B. May was stayor. May was importunate for indemnity, and Jordan was anxious to make him secure. The complainant being moved by the appeals of May, and perhaps by the solicitations of Jordan, with whom he was in some way connected in business, or for some other reason, drew up a written assignment and transfer of his prior right to satisfaction, in the form of an order to the trustee, to the said judgment creditors, Eite and Morrison, for the relief of May. This transfer and order was accepted by the trustee, in a writing upon the same, without any condition therein expressed, and handed to May. The latter applied to Erizzell & Colyar, the attorneys for Eite & Morrison, to receive the said transfer, and release him entirely as stayor. This they refused to do, but ultimately agreed to accept it as collateral security, or rather to rely upon that in the first instance, and only resort to him in the event that the trust fund so assigned proved insufficient to satisfy their judgments. Erizzell proves that the judgments could then have been made out of May, but they suspended operations against him, and he sold out his property and moved from the State. On the other hand the complainant insists, and the trustee proves that the transfer was conditional, and only to take effect by the acceptance of it by the attor *426 neys, and the entire release of’May from his liability as sfcayor. That the whole object of it was to release May from the in-cumbrance of the judgments against him, as they were anxious, as he was about to remove from the county, that he should do so unembarrassed.
The evidence is in conflict on this point, and the rights of the parties must be determined by the face of the paper. It is an unconditional transfer by the complainant of the advantage of his position in the deed of trust to Fite & Morrison, so far as to give them priority over him to the extent of their judgments, for the relief of May.
From what we can see, the trust fund will bo sufficient for that purpose; and it is difficult to see how the refusal to release him at once, or ultimately, could affect the validity of the transfer, or defeat the land objects had in view by the complainant and Jordan.
We must regard the parties as intending to do some effective and substantial thing in the act performed, and the agreement reduced to writing. The substance of it was to secure the payment of the judgments for which May was bound, so as to relieve him. Such is the purport of the instrument, deliberately executed, and it must be performed.
The decree was to that effect, and it will be affirmed.